The State, ex rel. Freeman, *v.* Department of Rehabilitation and Correction.

(No. 9-82-33—Decided November 3, 1982.)

*Mr. Curtis Freeman, pro se.*

*Per Curiam.* This is an original action in mandamus brought by a prisoner in the Marion Correctional Institution, Curtis Freeman, in an attempt to have the records maintained by the respondent Department of Rehabilitation and Correction corrected to reflect an alleged reduction by the Court of Common Pleas of Hamilton County of his sentence from total consecutive sentences of twelve to thirty years to total consecutive sentences of four to ten years.

The cause comes before this court *sua sponte* to determine whether this court has obtained jurisdiction over the respondent and whether relator's complaint states a claim upon which relief may be granted. As the issuance of proper process against the respondent prior to this point of time is uncertain and as the second question will completely dispose of this matter we treat the second question first.

In his complaint relator alleges, and thus concedes, that in October 1978, he was sentenced in case No. B-780613 by the Court of Common Pleas of Hamilton County and received two to five years on each of five counts to be served consecutively with each other and also to be served consecutively with a sentence of two to five years he had received in case No. B-781457. He also alleges that subsequent to the sentencing in 1978 he was granted probation for five years. Thus, he concedes being originally sentenced to consecutive sentences totalling from ten to thirty years. He then claims, and annexes a journal entry showing, that on February 4, 1981, the Court of Common Pleas of Hamilton County revoked his probation and sentenced him "to the Ohio Penitentiary for a term of years not more than five years on B-780613 and for a term of two years not more than five years on B-781457 thereby terminating the defendant's probation and closing the case as of February 2, 1981." He concedes that "perhaps his sentence of February 4, 1981, is required to run consecutive[ly] due to his probation

violation," but still claims that the judgment of that date operated to reduce his total sentences to a period of four to ten years, and that the records must be corrected accordingly.

We find no provision in the statutes of Ohio which authorizes a trial court, in connection with a probation revocation, to reduce any sentence previously imposed for the crimes involved in the probation revocation. It is true that R.C. 2951.09 prescribes that "[w]hen a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, such judge or magistrate shall immediately inquire into the conduct of the defendant, and may terminate the probation *and impose any sentence which might originally have been imposed* * * *." (Emphasis added.) The emphasized phrase is, however, an anomaly in the framework of present sentencing and probationary procedure, a carryover from the former framework as evidenced by G.C. 13452-1 and G.C. 13452-7. The former section permitted a court, when the defendant "is not likely again to engage in an offensive course of conduct, and the public good does not demand or require that he be immediately sentenced, such judge or magistrate may suspend the *imposition* of the sentence and place the defendant on probation in the manner provided by law * * *." (Emphasis added.) Thus, sentence was not imposed before probation was granted and it was appropriate, as then prescribed in G.C. 13452-7, and now prescribed in R.C. 2951.09, that when probation was revoked, the court could "impose any sentence which might originally have been imposed." However, R.C. 2929.51(A), 2951.02(A) and Crim. R. 32 now contemplate that probation shall follow sentencing and the suspension of "execution" thereof, rather than sentencing, follow the revocation of probaton. Cf.

*State v. Cross* (Sept. 13, 1978), Van Wert App. No. 15-78-5, unreported.

In our opinion the adoption of these statutes and this rule in their present form repealed by implication the purported authority contained in R.C. 2951.09 for a trial court to "impose any sentence which might originally have been imposed." It is only necessary now when probation is revoked that the trial court terminate the suspension of execution of the sentence previously imposed and previously suspended. It will also be noted that authority to impose a sentence would not include authority to revoke or modify a sentence already imposed. Moreover, applied to the facts of this case and as an extension of the relator's contention, to consider the action of the trial court of February 4, 1981, valid in relation to the imposition of sentences would result in there being no sentence for four of the counts on which the defendant had been previously found guilty and sentenced. In our opinion, as did the Supreme Court in *Municipal Court* v. *State, ex rel. Platter* (1933), 126 Ohio St. 103, we may treat the action of the trial court of February 4, 1981, as it related to imposing sentences, without authority to so act, to be a nullity and void.

Accordingly, relator sets forth no act which the law specially enjoins the respondent to perform nor does it appear that relator has any clear legal right to the performance requested. The relator's complaint affirmatively demonstrates that no set of facts would entitle him to the relief for which he prays. In such circumstances the complaint does not state a claim upon which relief may be granted and the complaint must be dismissed for such reason.

*Complaint dismissed.*

COLE, P.J., MILLER and GUERNSEY, JJ., concur.