THE STATE OF OHIO, APPELLEE, *v.* MCMULLEN, APPELLANT.

[Cite as State *v.* McMullen (1983), 6 Ohio St. 3d 244.]

(No. 82-1407—Decided August 17, 1983.)

*Mr. John E. Shoop,* prosecuting attorney, and *Mr. Gregory C. Sasse,* for appellee.

*Mr. R. Paul LaPlante,* county public defender, and *Mr. Steven C. LaTourette,* for appellant.

HOLMES, J. The issue presented by this appeal is whether the resentencing procedure, as set forth in R.C. 2951.09, violates a defendant's constitutional right against double jeopardy. This issue is one of first impression before this court. The court of appeals held that R.C 2951.09 allowed the sentencing judge discretion to impose a longer sentence without violating appellant's right against double jeopardy. We affirm.

R.C. 2951.09 provides, in pertinent part, as follows:

"When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, such judge * * * may terminate the probation and impose any sentence which might originally have been imposed * * *."

In addressing the issue, appellant contends that the increase of his prison sentence upon revocation of probation violates the double jeopardy guarantee of freedom from multiple punishments for the same offense, as set forth in *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262], paragraph two of the syllabus. See *North Carolina* v. *Pearce* (1969), 395 U.S. 711, 717; *Brown* v. *Ohio* (1977), 432 U.S. 161. Further, appellant submits that the court of appeals' decision is in conflict with unreported rulings from the Court of Appeals for Cuyahoga County in *State* v. *Leone* and *State* v. *Klypchak, supra;* and with the First District Court of Appeals in *State* v. *Wilcox* (March 31, 1982), Hamilton App. Nos. C-810387 and C-810388, unreported. We hold that as part of this state's sentencing procedure, the increased sentence does not violate the Fifth Amendment prohibition against multiple punishments.

The general principle of the Double Jeopardy Clause of the Fifth Amendment is described in *Green* v. *United States* (1957), 355 U.S. 184, 187-188, as follows:

"The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense * * *.

"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

In the present case, we are not dealing with repeated attempts to convict an individual for a single offense. Appellant committed grand theft and his sentence was suspended while he was placed on probation. Thereafter, appellant violated the terms of his probation which led to the increase in sentence. The violation of probation, which was the basis for the increased

sentence, was a separate and distinct act and does not constitute multiple punishments for the same offense.

In addition, the policy underlying resentencing is vastly different from that which prevents an appeal from being taken from an acquittal. See *Williams* v. *Wainwright* (C.A. 5, 1981), 650 F. 2d 58. It is clear that a jury finding of acquittal is to be accorded special weight and the constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal. See *Green* v. *United States, supra; Fong Foo* v. *United States* (1962), 369 U.S. 141; *North Carolina* v. *Pearce, supra; Mitchell* v. *State* (1884), 42 Ohio St. 383; *State* v. *Best* (1975), 42 Ohio St. 2d 530 [71 O.O.2d 517]. However, in discussing the distinctions between a sentence and an acquittal, the United States Supreme Court recently stated that, "the pronouncement of sentence has never carried the finality that attaches to an acquittal." *United States* v. *DiFrancesco* (1980), 449 U.S. 117, 133. In further addressing the finality issue, the court held that the Double Jeopardy Clause of the Fifth Amendment does not provide a defendant with the right to know the exact limit of his punishment at a specific moment in time. *DiFrancesco, supra.*

By placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law.

We hold, therefore, that a judge possesses the discretion to impose a longer sentence after revocation of a defendant's probation, within the purview of R.C. 2951.09, without violating the defendant's constitutional right against double jeopardy.[1]

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[1] In his brief, appellant has presented two arguments of further importance. First, appellant contends that the imposition of a harsher sentence violates the constitutional mandates of due process. Appellant, relying on *North Carolina* v. *Pearce, supra,* argues that due process requires the reasons for an increased sentence to be included in the record. Appellant's reliance on *Pearce* is misplaced as we are not confronted with reversal of a conviction and imposing a harsher sentence upon reconviction. We are unaware of any case which requires such factors to be set forth upon revocation of probation and, therefore, reject appellant's argument.

Second, appellant urges that R.C. 2951.09 is no longer applicable under the current scheme of the Ohio Rules of Criminal Procedure. Appellant, relying on Crim. R. 32 (A), reasons that R.C. 2951.09 only applies to the pre-rule situation in which the imposition of the sentence is suspended while the defendant is placed on probation. However, we find nothing in the context of Crim. R. 32 (A) which would limit the applicability of R.C. 2951.09 in the area of probation revocation.