The STATE of Ohio, Appellee,

v.

HUMMER, Appellant.

[Cite as *State v. Hummer* (1995), 107 Ohio App.3d 296.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–95–35.

Decided Nov. 6, 1995.

*David E. Bowers,* Allen County Prosecuting Attorney, and *Gary R. Hermon,* Assistant Prosecuting Attorney, for appellee.

*Kevin J. Hummer, pro se.*

HADLEY, Judge.

This is a delayed appeal filed with leave of court from the February 28, 1995 judgment entry of the Court of Common Pleas of Allen County granting the motion of the state of Ohio to revoke the probation of appellant, Kevin Hummer, for violation thereof and sentencing appellant to eighteen months each on two counts of forgery and one count of uttering. The sentence was modified from the previous sentencing order in that the sentences are to all run consecutive to each other.

Appellant assigns as error the following:

"1. The trial court is in violation of plea agreement.

"2. The trial court showed vindictiveness by enhancement of defendants [*sic* ] sentence."

By judgment entry dated April 1, 1993, appellant, represented by counsel and pursuant to a plea agreement, entered pleas of guilty to the first three counts of the indictment: forgery, uttering, and forgery (all fourth degree felonies) and counts four through eleven of the indictment were dismissed. In addition, a presentence investigation was ordered and sentencing was scheduled.

On May 28, 1993, appellant was sentenced to confinement in the Ohio Department of Rehabilitation and Correction for a definite period of eighteen months on each count with counts one and two to be concurrent but consecutive to count three. Appellant was also referred for consideration by the West Ohio Regional Treatment and Rehabilitation Center ("W.O.R.T.H."), a community-based correction facility, and was ordered to report to the Allen County Jail on June 4, 1993 for execution of sentence.

By judgment entry dated June 17, 1993, appellant was found to have been accepted by W.O.R.T.H. and his sentence was suspended on the court's own motion. He was placed on probation for four years pursuant to the following conditions: successful completion of the program, payment of restitution, refraining from indulging in or entering establishments where alcohol or illegal drugs are sold, submission to random drug urinalysis, participation in a rehabilitation program as the probation officer directs, and payment of court costs within one year.

In its judgment entry of February 28, 1995, the trial court found that appellant had violated the following terms of his probation:

"On or about 12–15–94 defendant did leave the men's Pathfinder Halfway House without permission and was subsequently unsuccessfully terminated from said facility; on or about 12–15–94 defendant failed to attend daily NA/AA meetings as previously ordered and did enter Mercer County, Ohio without the permission of his P.O.; on or about 1–12–95 defendant did refuse to supply a urine sample at the request of his P.O.; and from on or about 12–15–94 to on or about 1–12–95 defendant did have associations with Debbie Aquirre, a person he was not to have any association with."

Appellant, in his first assignment of error, claims that he reported to the Allen County Jail for execution of sentence on June 4, 1993 and that the suspension of his sentence and referral to W.O.R.T.H. did not take place until June 22, 1993, when he was transferred from the jail. Therefore, the execution of his sentence had commenced on June 4, 1993 and he had an "expectation of finality" to his original sentence involving concurrent terms and the trial court could not subsequently modify his sentence to make all the terms consecutive.

The Supreme Court of Ohio held, in *State v. Draper* (1991), 60 Ohio St.3d 81, 573 N.E.2d 602, paragraph one of the syllabus, that after a probation violation, the trial court may impose any sentence which might originally have been imposed, provided the probation was granted pursuant to R.C. 2929.51(A) and 2951.02. However, if the probation was granted pursuant to R.C. 2929.51(B) and 2947.061, the defendant "has an expectation of finality in the original sentence * * * [and] has already undertaken to serve it." *Id.* at 83, 573 N.E.2d at 604.

Therefore, "the imposition of a new and more severe sentence would constitute multiple punishments for the same offense." (Footnote omitted.) *Id.*

We, thus, must examine the proceedings to determine which statutes apply. This court has already determined, in *State v. Campbell* (Jan. 16, 1991), Auglaize App. Nos. 2–89–11 and 2–89–12, unreported, 1991 WL 3603, quoting *State v. Addison* (1987), 40 Ohio App.3d 7, 9, 530 N.E.2d 1335, 1337, that " '[e]xecution of the sentence is commenced when the defendant is delivered from the temporary detention facility of the judicial branch to the penal institution of the executive branch.' "

Appellant contends that his sentence commenced "when he surrened [sic] to the Allen Co. Sheriffs Dept. (that being the temporary detention facility) and held until transferred to W.O.R.T.H. (that being a Penal Inst. of the Executive)." It is uncontested that W.O.R.T.H. is a community-based correction facility. One of the purposes of such a program, as set forth in R.C. 5149.31(B), is "to reduce the number of persons committed to state correctional institutions and to county, multicounty, [and] municipal * * * jails." Community-based correction facilities are operated according to plans developed by local corrections planning boards, rather than by the Ohio Department of Rehabilitation and Correction. R.C. 5149.30 through 5149.37.

Appellant was originally sentenced to confinement with the Ohio Department of Rehabilitation and Correction. In the same judgment entry, appellant was referred for possible placement in W.O.R.T.H. He was then ordered to report to the jail on June 4, 1993 for execution of sentence. After further hearing, and before he was transported to the Department of Rehabilitation and Correction, his sentence was suspended (not within the period described in R.C. 2947.061), he was placed on probation, and he was transported to W.O.R.T.H., which is under the auspices of the local corrections planning board and not part of the Ohio Department of Rehabilitation and Correction of the executive branch. Subsequently, appellant's probation was revoked and he was resentenced.

Based upon the foregoing, we find that since appellant never began serving his sentence with the Ohio Department of Rehabilitation and Correction, but rather was either in a temporary detention facility or under the auspices of the local corrections planning board, the probation was granted pursuant to R.C. 2929.51(A) and not R.C. 2929.51(B). Therefore, the changing of the sentence from concurrent to consecutive terms did not amount to multiple sentencing for the same offense.

As the Ohio Supreme Court stated in *State v. McMullen* (1983), 6 Ohio St.3d 244, 246, 6 OBR 312, 314, 452 N.E.2d 1292, 1294–1295:

"By placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law."

The first assignment of error is overruled.

■ For his second assignment of error, appellant merely claims, without any evidentiary showing in the record, that "the trial court showed vindictiveness by enhancing defendants [*sic*] sentence when defendant has no prior theft convictions and restitution to victim has been made." Thus, appellant asserts that the trial court failed to consider that he had no history of prior convictions.

R.C. 2951.02(B)(6) provides that lack of a history of prior criminal activity is one of the factors the court shall consider when determining whether to suspend an offender's sentence and afford him probation. Another consideration is whether the offender is likely to respond affirmatively to probationary or other court-imposed treatment. R.C. 2951.02(B)(7).

The trial court obviously considered these matters and others when affording appellant the lighter sentence of probation. Appellant, having failed at probation, placed new considerations before the sentencing court.

■ Furthermore, a trial court has wide discretion when sentencing a defendant for a felony. Some of the many factors which the court must consider are set forth in R.C. 2929.12. Included in that list is the likelihood of the offender's response to correctional or rehabilitative treatment. R.C. 2929.12(C)(7).

Having already given appellant the reduced sentence conditioned upon appellant's efforts to comply with the probationary requirements, the likelihood of his response to correctional or rehabilitative treatment could certainly be deemed lessened by appellant's failure to comply with those requirements. Thus, we do not find from the record that the trial court "showed vindictiveness" or otherwise abused its discretion in sentencing appellant.

The second assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.