The STATE of Ohio, Appellee,

v.

GRUJICIC, Appellant.

[Cite as *State v. Grujicic* (1996), 116 Ohio App.3d 289.]

Court of Appeals of Ohio,
Third District, Auglaize County.

Nos. 2–96–15 and 2–96–16.

Decided Dec. 5, 1996.

*Garret Gall*, Augalize County Prosecuting Attorney, for appellee.

*Thomas G. Lobe*, for appellant.

EVANS, Judge.

These are appeals by the defendant, Bozidar Grujicic ("appellant"), from judgments of the Court of Common Pleas of Auglaize County, finding him guilty of probation violation and reimposing his original sentences to run consecutively, rather than concurrently, on his two August 11, 1989 convictions for violations of R.C. 2913.11(A), passing a bad check.

Appellant was charged in two separate indictments, on two different dates, for passing bad checks. Both cases came up for sentencing on August 11, 1989. In the first case, case No. 89–C–34, appellant was sentenced to incarceration for a definite term of eighteen months, fined $2,500, and ordered to pay restitution. In the second case, case No. 89–C–61, the court imposed an identical sentence, to be served concurrently with the first sentence. However, in the second case, the court granted appellant's request for probation and placed him on probation for five years, tolling the probationary period until appellant's release from prison on the first case. After approximately three months, appellant's request for shock probation was granted, and appellant was placed on probation for five years. Since appellant had been released from prison, the probation imposed in the second case also started to run.

On April 12, 1996, complaints were filed against appellant for revocation of his probation in both cases, due to various violations of the terms of probation set

forth by the court and the probation department. At the May 15, 1996 probation violation hearing, the court found appellant guilty of probation violation and reimposed the sentences originally imposed upon his convictions. However, instead of ordering the sentences to be served concurrently, as ordered previously, the court ordered the second eighteen-month sentence to be served consecutively to the first.

Appellant appeals the court's judgments, contending that the trial court erroneously imposed a lengthier sentence upon him than was originally imposed upon conviction for the two offenses, in violation of the Double Jeopardy Clause of the Constitution. He asserts the following assignment of error:

"The trial court erred to the prejudice of the defendant-appellant and violated the Due Process and Double Jeopardy Clauses of Article I, Section 10 of the Ohio Constitution and the Fifth Amendment of the United States Constitution by revoking his 'shock' probation and imposing a term of incarceration in excess of the original sentence."

R.C. 2951.09 provides that following a hearing on a probation violation, a judge "may terminate the probation and impose any sentence that originally could have been imposed." In *State v. McMullen* (1983), 6 Ohio St.3d 244, 6 OBR 312, 452 N.E.2d 1292, the Ohio Supreme Court held:

"By placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law.

"We hold, therefore, that a judge possesses the discretion to impose a longer sentence after revocation of a defendant's probation, within the purview of R.C. 2951.09, without violating the defendant's right against double jeopardy." *Id.* at 246, 6 OBR at 314, 452 N.E.2d at 1295.

Thereafter, in *State v. Draper* (1991), 60 Ohio St.3d 81, 573 N.E.2d 602, the court limited the holding in *McMullen* to resentencing after the revocation of probation granted only pursuant to R.C. 2929.51(A) or R.C. 2951.02. When resentencing a defendant following the revocation of shock probation granted under R.C. 2929.51(B) or R.C. 2947.061, the trial court is not permitted to impose a term of incarceration in excess of the original sentence, since "one who has been granted [shock probation] not only has an expectation of finality in the original sentence, but has already undertaken to serve it. Under such circumstances, the imposition of a new and more severe sentence would constitute multiple punishments for the same offense." *Draper,* 60 Ohio St.3d at 83, 573 N.E.2d at 604.

In *State v. Hummer* (1995), 107 Ohio App.3d 296, 668 N.E.2d 939, we held that the "changing" of a sentence, following revocation of probation under R.C. 2929.51(A), to the extent of ordering it served consecutively to another sentence rather than concurrently, does not constitute an unconstitutional modification or increase in sentence.

Accordingly, in this case, since appellant violated his probation, granted in the second case under R.C. 2929.51(A), we find no error in the trial judge's reimposition of the second jail term, to be served consecutively to the term imposed in the first conviction. We find that the "concurrent" and "consecutive" language in the trial court case No. 89–C–34 journal entries to be surplusage, or superfluous ambiguity in this context. Without the additional sentencing in case No. 89–C–61, such designation in the first case is meaningless, and thus not prejudicial to appellant. Furthermore, any ambiguity in the court's original imposition of sentence in the second case, providing that the sentence be served concurrently to the first sentence, is resolved by the court's specific provision that appellant be placed on five years' probation, to be served only after appellant was released from serving the prison term imposed in the first case.

Therefore, having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.