WEIMER et al.

v.

DEPARTMENT OF REHABILITATION AND CORRECTION.

Court of Claims of Ohio.

No. 98–02350.

Decided May 12, 1999.

*Michael L. Gollings,* for plaintiffs.

*Betty D. Montgomery,* Attorney General, and *Stephanie D. Pestello–Sharf,* Assistant Attorney General, for defendant.

---

J. WARREN BETTIS, Judge.

Plaintiffs filed this action against defendant based upon an alleged wrongful imprisonment. Defendant has denied any liability. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by both parties. The court finds that the following facts were proven by a preponderance of the evidence.

In their complaint, plaintiffs allege that defendant wrongfully imprisoned plaintiff Gary W. Weimer for thirty-four days because the judgment entry it received from the Stark County Court of Common Pleas, which set forth defendant's jail-time credit of fifty-five days, was erroneous. Defendant received a modified judgment entry from the Stark County Court of Common Pleas on April 4, 1997, that modified Weimer's jail time credit from fifty-five days to one hundred forty-four days. Weimer was released from the care and custody of defendant on April 4, 1997. Defendant asserts that plaintiffs have failed to state a claim for wrongful imprisonment. At the close of plaintiffs' case, defendant moved for a dismissal pursuant to Civ.R. 41(B), which was denied.

An action for false imprisonment may be maintained if defendant intentionally continued to confine Weimer while knowing that the privilege justifying that confinement no longer existed. *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 573 N.E.2d 633. Neither party disputes the fact that Weimer was released from defendant's custody on the same day that defendant received the modified judgment entry from the Stark County Court of Common Pleas, which contained Weimer's accurately calculated jail-time credit.

In order to comply with the mandates of R.C. 2967.191, defendant has a duty to follow the sentencing court's entry granting jail-time credit, and defen-

dant has no authority to substitute its own determination of jail-time credit. *State ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567, 589 N.E.2d 113.

The court finds that defendant did not continue to confine Weimer after it had knowledge that the privilege justifying the confinement no longer existed. Therefore, the court finds that plaintiffs have failed to prove by a preponderance of the evidence that Weimer was wrongfully imprisoned by defendant. Judgment is entered in favor of defendant. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*Judgment for defendant.*