DECISION AND JUDGMENT ENTRY
Defendant-Appellant Kelvin D. Beard appeals the November 19, 1999 judgment of the Ross County Court of Common Pleas which found him in violation of the terms and conditions of his probation, ordered his probationary status revoked, and reinstated his original sentence of eighteen months imprisonment.
The appellant raises the following assignments of error for our review:
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT-APPELLANT HAD VIOLATED HIS PROBATION WHEN SUCH ALLEGED VIOLATIONS OCCURRED, IF AT ALL, DURING THE PERIOD WHEN DEFENDANT WAS NOT ON PROBATION, AS THE SAME HAD BEEN SUSPENDED. [TRANSCRIPT P. 29]
 ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN REINSTATING THE ORIGINAL SENTENCE IN THIS CASE AND IN ORDERING CONSECUTIVE SENTENCES. [TRANSCRIPT P. 29; JUDGMENT ENTRY OF SENTENCE]
FACTUAL STATEMENT
The appellant was convicted in the Ross County Court of Common Pleas on one count of aggravated trafficking in drugs, a third degree felony. On January 17, 1996, the Court ordered that he be sentenced to a definite term of incarceration of eighteen months. On February 23, 1996, the court granted appellant's motion for shock probation. He was placed on probation for a five-year period, pursuant to the trial court's order granting this motion.
In April 1998, the appellant failed to report to his probation officer in accordance with the terms of his probation. The trial court issued an order on April 24, 1998, suspending the appellant's probation period until he made his presence known and returned to the jurisdiction.
On April 30, 1998, the appellant was charged in the state of Georgia with possession of marijuana with intent to distribute. A Decatur County, Georgia court found him guilty of the charge on November 11, 1998, and sentenced him to a term of four years incarceration, which was to be served concurrently with any sentence imposed in the case subjudice.
On September 24, 1999, the appellant was charged with probation violation, based on his failure to report to his probation officer since April 1998 and his conviction in Georgia. The trial court also reinstated the appellant's probation effective September 24, 1999. A hearing was held on the probation violation charge on November 2, 1999. On November 16, 1999, the trial court filed its judgment entry of sentence, reimposing the appellant's original eighteen-month sentence with a four-day credit for time served in the local jail. The trial court also ordered that the original sentence was to be served consecutively to the aforementioned Georgia sentence and consecutively to a subsequent Ross County sentence for a conviction of aggravated possession of drugs (Ross County C.P. No. 97-CR-143).
I
In his First Assignment of Error, the appellant claims that the April 24, 1998 suspension order was a termination of his probation that divested the trial court of the requisite subject matter jurisdiction necessary to reinstate the appellant's original sentence. The appellant also argues that his conviction in Georgia could not constitute a probation violation since it occurred after his probationary period was allegedly terminated.
The appellant correctly argues that the jurisdiction of the sentencing court ceases upon the end or termination of the probationary period. R.C. 2951.09. See, also, State v. Jackson (1995), 106 Ohio App.3d 345,666 N.E.2d 255; Lakewood v. Davies (1987), 35 Ohio App.3d 107,519 N.E.2d 860. However, we do not agree that the suspension order in this case terminated the appellant's probationary period.
There is no evidence of record to indicate that the trial court intended to terminate, rather than suspend, the appellant's probationary period when it issued the suspension order in April 1998. The journal entry states that the appellant's probation sentence was suspended "until that time which the defendant herein makes his presence known and returns to the jurisdiction of this Court." Considering the language of the April 24, 1998 suspension order, we find that the appellant's probationary period was not terminated, as he contends, but rather suspended.
The trial court had statutory authority pursuant to R.C. 2951.07 to suspend the appellant's probation period. R.C. 2951.07 reads:
 Probation under section 2951.02 of the Revised Code continues for the period that the judge or magistrate determines and * * * may be extended. * * * If the probationer absconds or otherwise absents himself from the jurisdiction of the court without permission from the county department of probation or the court to do so, or if he is confined in any institution for the commission of any offense whatever, the probation period ceases to run until such time as he is brought before the court for its further action.
R.C. 2951.07.
This Court has previously held that a suspension order pursuant to R.C. 2951.07 does not suspend the conditions of probation; but rather,merely tolls the period of time of the probation. See State v. Dague
(Aug. 11, 1997), Ross App. No. 96CA2256, unreported. A probationer can still commit a violation of the terms of his or her probation after suspension of the probationary period under R.C. 2951.07. See id. Therefore, based on our holding in Dague, we find that the appellant continued to be subject to the terms and conditions of his probation, even after his probation was suspended by the trial court on April 24, 1998.
The appellant also argues that the trial court's April 24, 1998 suspension order failed to toll the period of his probation pursuant to R.C. 2951.07 because no bench warrant or summons was issued for him. It is not necessary that we address this issue, since it is clear from the record that the appellant's five-year probationary period had not expired or terminated when the trial court reimposed his original sentence. Thus, the trial court had jurisdiction to sentence the appellant regardless of whether or not the tolling provision in R.C. 2951.07 was invoked.
For the reasons stated above, the appellant's First Assignment of Error is OVERRULED.
 II
In his Second Assignment of Error, the appellant argues that the trial court committed two errors in reinstating the original sentence. First, the appellant contends that he served at least six weeks in prison prior to his release on shock probation. He argues that the trial court erred by failing to credit him for this time served when the court reimposed the sentence. Second, the appellant argues that the trial court erred by ordering that the sentence be served consecutively to his sentences in Georgia and Ohio (Ross County C.P. No. 97-CR-143), rather than concurrently.
 A.
The record does not indicate the precise number of days the appellant was incarcerated before he was released on shock probation. We do know that the appellant was sentenced to eighteen months incarceration on January 16, 1996, and that he was released on shock probation on February 23, 1996. The appellant claims that he was incarcerated for at least six weeks during this period. However, the trial court only credited him four days for time served in the sentencing order.
Moreover, we note that the appellant was released on shock probation pursuant to R.C. 2947.061, which was repealed effective July 1, 1996. Former R.C. 2947.061 permitted a defendant, under certain conditions, to file a motion for shock probation between thirty and sixty days after beginning to serve his or her sentence. Courts had no authority to grant shock probation under former R.C. 2947.061 prior to expiration of the thirty-day period of incarceration.
The fact that the appellant was granted shock probation under R.C.2947.061 leads us to the inescapable conclusion that he must have served at least thirty days of his sentence prior to his February 23, 1996 release. Pursuant to R.C. 2967.191, the appellant is entitled to credit for the time he served prior to being released on shock probation in February 1996, whatever that may be. See State v. Jones (June 19, 1997), Cuyahoga App. No. 71035, unreported.
The parole board has a duty to follow the sentencing court's entry granting jail time credit. Weimer v. Ohio Dept. of Rehab. Cor. (1999),99 Ohio Misc.2d 100, 101-102, 716 N.E.2d 798, 799, citing State ex rel.Corder v. Wilson (1991), 68 Ohio App.3d 567, 589 N.E.2d 113. The board cannot deviate from the court's order. See id. Therefore, in the interest of justice, we reverse and remand this case for calculation of the appropriate amount of credit for time served by the appellant.
 B.
The appellant also argues that the trial court erred by ordering that his sentence be served consecutively to his sentences in Georgia and Ohio, both of which are unrelated matters. The appellant served a portion of his original sentence before being released on shock probation. He contends that the trial court impermissibly increased his original sentence by ordering it to run consecutively to the sentences for his subsequent offenses.
After the appellant was found to have violated the conditions of his probation under R.C. 2947.061, the trial court had authority, pursuant to R.C. 2951.09, to terminate his probation and impose any sentence that originally could have been imposed.
R.C. 2951.09 states, in part:
 When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, the judge or magistrate immediately shall inquire into the conduct of the defendant, and may terminate the probation and impose any sentence that originally could have been imposed * * *.
R.C. 2951.09.
Appellant argues that the trial court's consecutive sentencing order violated his double jeopardy rights by improperly increasing his original sentence. In addressing the constitutionality of imposing a greater sentence under R.C. 2951.09, the Supreme Court of Ohio has distinguished between probation granted prior to the execution of sentence and shock probation granted after the defendant has begun serving the sentence. SeeState v. McMullen (1983), 6 Ohio St.3d 244, 452 N.E.2d 1292; State v.Draper (1991), 60 Ohio St.3d 81, 573 N.E.2d 602. The Supreme Court of Ohio in Draper held that a trial court, after revoking a defendant's shock probation, could not impose a term of incarceration in excess of the original sentence. The court reasoned that a defendant who has undertaken to serve his sentence has an expectation of finality in his original sentence. As such, the imposition of a new and more severe sentence pursuant to R.C. 2951.09 would constitute multiple punishments for the same offense. Id.
The appellant cites State v. Harper (1999), Lucas App. Nos. L-98-1194, L-98-1195, L-98-1196, unreported, in support of his proposition that the trial court imposed "a new and more severe sentence" in this case by ordering consecutive sentences. The appellant in Harper was originally sentenced to terms of eighteen months in prison for each of two separate criminal convictions, aggravated assault and aggravated riot, with the two sentences to run concurrently. He was granted community control release and subsequently violated the terms of his release. Based on the violation, the trial court reinstated his previous sentences of eighteen months per offense, now to be served consecutively, not concurrently, as originally ordered. The Sixth Appellate District reversed, finding that the defendant's original sentences were improperly increased. The court cited Draper and concluded that the modification violated the appellant's double jeopardy rights.
In Harper, the trial court increased the defendant's original sentences by ordering them to run consecutively, rather than concurrently. The casesub judice is distinguishable because the trial court ordered the appellant to serve his original sentence consecutively to his sentences for subsequent offenses in Ohio and Georgia.[1] The court did not alter the duration of the original sentence, so it is difficult to conceptualize how the sentence was increased. Nevertheless, we find that the trial court lacked statutory authority to order that the appellant's original sentence be served consecutively to his two subsequent convictions and sentences.
When a criminal defendant violates the terms of his or her probation, the trial court's authority is limited to imposing a prison sentence or continuing the probation. See R.C. 2951.09; see, also, State v. Steen
(June 28, 1994), Vinton App. No. 93CA490, unreported. Here, the appellant had already completed a portion of his original sentence, so the trial court could not increase that sentence when it revoked the appellant's probation. Draper, supra. Hence, the trial court was limited to reimposing the original sentence, not a new, more severe sentence. Furthermore, the original sentence could not have been a consecutive sentence because the appellant had yet to commit the additional offenses. Therefore, we find that the trial court was without authority under R.C. 2951.09 to order that the appellant's original sentence be served consecutively to his subsequent sentences in Georgia and Ohio and erred by so ordering.
We recognize that our decision is somewhat counterintuitive. The appellant committed new felonies while he was on probation, so one might expect that he would be subject to consecutive sentences. It is the sentences for the subsequent offenses, however, which could potentially run consecutively to the sentence for the original offense. At the time of his original sentencing in 1996, the appellant had been convicted of only one crime. Thus, the appellant's original sentence could not have been consecutive to anything. By ordering that the appellant's original sentence run consecutively to the sentences for the subsequent offenses, the trial court increased the severity of the original sentence, in violation of Draper.
The trial court likely could have ordered the sentence for appellant's subsequent offense to run consecutively to his sentence for the original offense. See Steen, Vinton App. No. 93CA490, unreported, at *22-23 (stating that the court imposing sentence for the "new" felony has authority to impose a consecutive sentence). However, the appellant's subsequent offenses are separate cases, and they are not before us in this appeal. We find only that the trial court could not increase the appellant's original sentence by ordering that it run consecutively to a sentence for a subsequent offense.
We note that appellant is not entitled to credit for the time he served in Georgia.
For all the foregoing reasons, both branches of appellant's Second Assignment of Error are SUSTAINED.
This case is affirmed in part and reversed in part. We remand to the Ross County Court of Common Pleas for resentencing of the defendant in a manner consistent with this opinion.
[1] We note that the defendant in Harper also received a consecutive sentence for a subsequent offense committed while he was on parole. Thus, the facts in Harper are almost identical to the case sub judice. The decision of the Sixth Appellate District, however, addressed only the original sentences and did not raise any issues related to the sentence for the subsequent offense.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Kline, J. Concur in Judgment and Opinion.