OPINION
{¶ 1} On June 8, 1995, the Richland County Grand Jury indicted appellant, Christopher Walls, on six counts of misuse of a credit card in violation of R.C. 2913.21, one count of theft of checks in violation of R.C. 2913.02, one count of grand theft in violation of R.C. 2913.02, and nine counts of forgery in violation of R.C. 2913.31.
 {¶ 2} On February 28, 1996, appellant entered into a plea agreement and pled guilty to eight counts of forgery. By judgment entry filed April 9, 1996, the trial court sentenced appellant to a total aggregate term of eight years in prison, suspended in lieu of five years of probation.
 {¶ 3} On July 12, 2000, appellant was found guilty of violating his probation. By journal entry filed July 13, 2000, the trial court sentenced appellant to an aggregate term of ten years in prison.
 {¶ 4} On October 15, 2004, appellant filed a motion to modify his sentence to the original eight year sentence or in the alternative, permit him to withdraw his plea. By judgment entry filed March 15, 2004, the trial court denied said motion.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "THE TRIAL COURT DENIED DEFENDANT DUE PROCESS OF LAW WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO MODIFY HIS SENTENCE AND/OR WITHDRAW HIS GUILTY PLEA."
 I {¶ 7} Appellant claims the trial court erred in denying his motion to modify his sentence and/or withdraw his guilty plea. We disagree.
 {¶ 8} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 9} Upon review, we find there is nothing in the record to establish any manifest injustice. The trial court was correct in not permitting the withdrawal of the guilty plea.
 {¶ 10} As for the modification of sentence, appellant sought to have his original eight year sentence imposed as opposed to the ten years the trial court ordered after he violated his probation.
 {¶ 11} Appellant's original eight year suspended sentence was given prior to July 1, 1996, the effective date of the new felony sentencing guidelines. Under the previous statute, R.C. 2951.09, a trial court was permitted "to terminate the probation and impose any sentence which might have been originally imposed." The ten year sentence ordered after the probation violation was within the sentencing parameters of the old law.
 {¶ 12} As the Supreme Court of Ohio held in State v. McMullen (1983),6 Ohio St.3d 244, syllabus, "A judge may, pursuant to R.C. 2951.09, impose a longer sentence after revocation of a defendant's probation without violating the defendant's constitutional right against double jeopardy. (United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426,66 L.Ed.2d 328 followed.)" As the McMullen court explained at 246:
 {¶ 13} "By placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law."
 {¶ 14} Appellate courts across the state have permitted the imposition of a higher sentence upon revocation of probation when no actual incarceration had begun. State v. Hummer (1995), 107 Ohio App.3d 296. The original eight year suspended sentence imposed no jail time upon appellant therefore, we conclude the trial court did not err in increasing appellant's prison sentence after his failed attempt at probation.
 {¶ 15} The sole assignment of error is denied.
 {¶ 16} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, J. Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.