THE STATE OF OHIO, APPELLEE, *v.* DRAPER, APPELLANT.

[Cite as State *v.* Draper (1991), 60 Ohio St. 3d 81.]

(No. 90-258—Submitted January 22, 1991—Decided June 5, 1991.)

*Donald W. White*, prosecuting attorney, and *David H. Hoffmann*, for appellee.

*Randall M. Dana*, public defender, *Gregory L. Ayers* and *Kenneth R. Spiert*, for appellant.

SWEENEY, J. R.C. 2951.09 governs the authority of a trial court to revoke the probation previously granted a criminal defendant. Prior to its amendment effective November 20, 1990, R.C. 2951.09 provided:

"*When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, such judge or magistrate shall immediately inquire into the conduct of the defendant, and may terminate the probation and impose any sentence which might originally have been imposed* or continue the probation and remand the defendant to the custody of the probation authority, at any time during the probationary period. When the ends of justice will be served and the good conduct of the person so held warrants it, the judge or magistrate may terminate the period of probation. At the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases, and the defendant shall thereupon be discharged. If the defendant has been convicted of or has pleaded guilty to a felony, the judge of the court of common pleas may restore the defendant to his rights of citizenship, of which such convict may or shall have been deprived by reason of his conviction under section 2961.01 of the Revised Code, and if the court makes such order of restoration to citizenship, an entry of the same shall be made on the journal of the court in the action in which the conviction or plea of guilty was entered.

"A probation officer shall receive necessary expenses in the performance of his duties." (Emphasis added.)

In *State* v. *McMullen* (1983), 6 Ohio St. 3d 244, 6 OBR 312, 452 N.E. 2d 1292, this court considered whether a trial court may revoke probation granted in lieu of the execution of sentence. The defendant-appellant in *McMullen* had originally been sentenced to a term of incarceration of six months to five years. However, execution of sentence was suspended and the defendant was granted probation pursuant to R.C. 2929.51(A) and 2951.02. Following his violation of the conditions of probation, the probation was revoked and he was sentenced to a term of incarceration of eighteen months to five years. Appellant thereafter challenged the imposition of the more lengthy prison term on constitutional grounds. This court upheld the trial court determination, holding that:

"A judge may, pursuant to R.C. 2951.09, impose a longer sentence after revocation of a defendant's probation without violating the defendant's constitutional right against double jeopardy.* * *" *Id.* at syllabus.

Appellant herein contends, however, that *McMullen* is clearly distinguishable from the case *sub judice*. We agree. Unlike the defendant in *McMullen*, appellant had already served a portion of his original sentence before he was granted "shock probation" pursuant to R.C. 2929.51(B) and 2947.061. Probation granted pursuant to the aforementioned sections is qualitatively different from probation granted in lieu of the execution of sentence pursuant to R.C. 2929.51(A) and 2951.02. This distinction was implicitly recognized in *McMullen*. In concluding that revocation of probation imposed pursuant to R.C. 2929.51(A) and 2951.02 did not present a double jeopardy problem, this court remarked:

"By placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. *A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation.* In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law." (Emphasis added.) *Id.* at 246, 6 OBR at 314, 452 N.E. 2d at 1294-1295.

In contrast, one who has been granted probation pursuant to R.C. 2929.51(B) and 2947.061 not only has an expectation of finality in the original sentence, but has already undertaken to serve it. Under such circumstances, the imposition of a new and more severe sentence would constitute multiple punishments for the same offense.[1] See *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, 15 O.O. 3d 262, 400 N.E. 2d 897, paragraph two of the syllabus; *Brown* v. *Ohio* (1977), 432 U.S. 161; and *North Carolina* v. *Pearce* (1969), 395 U.S 711, 717.

This essential distinction between probation imposed in lieu of execution of sentence and probation granted after a term of incarceration has been served has long been recognized in Ohio.[2] It must be presumed by this court that the General Assembly was aware of these constitutional imperatives when it enacted R.C. 2951.09. See R.C. 1.47(A). We therefore hold that the authority conferred upon a trial court by R.C. 2951.09 to revoke the probation of an offender and impose a greater sentence of incarceration is limited to probation granted pursuant to R.C. 2929.51(A) and 2951.02. While R.C. 2951.09 authorizes a trial court to revoke shock probation granted an offender pursuant to R.C. 2929.51(B) and 2947.061 for violation of the terms thereof, the court may not impose a term of incarceration in excess of the original sentence.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for

---

[1] Indeed, the imposition of a longer term of incarceration for violation of the conditions of shock probation must be considered additional punishment for the underlying offense inasmuch as no separate penalty exists for a probation violation. See *Colegrove* v. *Burns* (1964), 175 Ohio St. 437, 25 O.O. 2d 447, 195 N.E. 2d 811.

[2] See, *e.g.*, *Lee* v. *State* (1877), 32 Ohio St. 113, paragraph one of the syllabus, wherein it was held:

"Where a court, in passing sentence for a misdemeanor, has acted under a misapprehension of the facts necessary and proper to be known in fixing the amount of the penalty, it may, in the exercise of judicial discretion and in furtherance of justice, at the same term, *and before the original sentence has gone into operation or any action has been had upon it,* revise and increase or diminish such sentence within the limits authorized by law." (Emphasis added.)

proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I respectfully dissent from the majority's attempt to distinguish *State* v. *McMullen* (1983), 6 Ohio St. 3d 244, 6 OBR 312, 452 N.E. 2d 1292, on the perceived distinction between probation granted pursuant to R.C. 2929.51(A) and 2951.02, and shock probation granted pursuant to R.C. 2929.51(B) and 2947.061.

In my review of R.C. 2951.09, the procedure in which probation and shock probation are revoked, there is no indication that the judge or magistrate must apply different standards depending on the type of probation originally imposed. Instead, the judge or magistrate must "inquire into the conduct of the defendant, and may terminate the probation and *impose any sentence that originally could have been imposed* * * *." (Emphasis added.) R.C. 2951.09. We must presume that the General Assembly was aware that R.C. 2951.09 permitted the modification of the original sentence when it enacted the shock probation statutes. In fact, R.C. 2947.061 incorporates R.C. 2951.09 by reference[3] and makes the conditions and applications of shock probation the same as for probation, except for the time when shock probation is originally granted.

This court explained in *State* v. *McMullen, supra,* at 246, 6 OBR at 314, 452 N.E. 2d at 1294-1295, that:

"By placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law.

"We hold, therefore, that a judge possesses the discretion to impose a longer sentence after revocation of a defendant's probation, within the purview of R.C. 2951.09 * * *."

Thus, in reading R.C. 2947.061 *in pari materia* with R.C. 2951.09, I conclude that once a defendant chooses to pursue shock probation he obligates himself to comply with the terms of his probation. Then, in the event of noncompliance with the agreed-upon probation conditions, the defendant is subject to the provisions of R.C. 2951.09. The burden placed on the defendant via R.C. 2951.09 goes hand in hand with the benefits created by R.C. 2947.061.

Accordingly, for the reasons expressed above and those espoused in *State* v. *McMullen, supra,* I dissent and would affirm the court of appeals.

---

[3] R.C. 2947.061 provides in pertinent part:

"(A) *Subject to sections 2951.02 to 2951.09 of the Revised Code,* the trial court may * * * suspend the further execution of the sentence and place the defendant on probation upon such terms as the court determines, notwithstanding the expiration of the term of court during which such defendant was sentenced." (Emphasis added.) See, also, Ohio Legislative Service Commission, Summary of 1976 Enactments Jan.-July, Am. H.B. No. 837 (111th General Assembly), at 55.