The STATE of Ohio, Appellee,

v.

MEYER, Appellant.

[Cite as *State v. Meyer* (1994), 98 Ohio App.3d 4.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–93–21.

Decided Sept. 29, 1994.

*Garrett Gall,* Auglaize County Prosecuting Attorney, and *Amy L. Otley,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, and *Richard E. Graham,* Assistant Public Defender, for appellant.

---

HADLEY, Judge.

On July 18, 1990, defendant was indicted for one count of burglary in violation of R.C. 2911.12(A)(1) and for one count of receiving stolen property in violation of R.C. 2913.51(A). On September 21, 1990, pursuant to a plea agreement, defendant pled guilty to attempted burglary in violation of R.C. 2911.12(A)(1) and 2923.02.

On October 29, 1990, defendant was sentenced to four to ten years in prison, and was fined $100. Defendant began serving his sentence and, on November 30, 1990, filed a motion for shock probation. On December 21, 1990, a hearing was held on defendant's motion. The trial court granted defendant's motion for shock probation and ordered defendant released to the custody of the Ohio Adult Parole Authority that same day.

On August 12, 1993, the probation officer filed an affidavit of probation violation, alleging that defendant had violated three of the conditions of his probation. On September 9, 1993, a hearing was held and the trial court determined that defendant had violated the terms of his probation.

■ On October 14, 1993, the trial court revoked defendant's shock probation and reinstated defendant's original prison sentence of four to ten years. The trial court additionally ordered that the reinstated term be one of actual incarceration. Defendant thereafter brought this appeal, raising the following two assignments of error:

"I. When revoking probation granted pursuant to R.C. 2929.51(B) and 2947.061 for violation of the terms thereof, the trial court may not impose a sentence that is new and more severe that the original sentence.

"II. The Double Jeopardy Clauses of the United States and Ohio Constitutions prohibit a trial court from increasing a defendant's sentence upon revocation of his probation particularly when the defendant has served part of the sentence."

*State v. Draper* (1991), 60 Ohio St.3d 81, 573 N.E.2d 602, prohibits any modification of a defendant's sentence upon revocation of probation granted pursuant to R.C. 2947.061. However, we find that the facts in this case distinguish it from the facts in *Draper.*

The trial court in *Draper* revoked the shock probation and increased the original sentence of not less than four nor more than fifteen years to a term of incarceration of five to fifteen years.

The Supreme Court in *Draper* discussed the difference between the granting of probation prior to the execution of sentence and shock probation granted after the serving of the sentence has begun. The court pointed out that after the sentence has commenced there is an expectation of finality of the original sentence because the convicted person has already begun to serve it. The court concluded that at that point, the imposition of a *new and more severe sentence* would constitute multiple punishments for the same offense.

■ In the case *sub judice,* the appellant had already begun to serve his sentence of four to ten years' incarceration when he was shocked out and placed on probation pursuant to R.C. 2947.061. That section provides that the court considering probation does so subject to the terms of R.C. 2951.02 to 2951.09. R.C. 2951.09 provides that if the probation is terminated, the court can impose any sentence which might originally have been imposed. The jurisdiction of the court thus does not cease until the end or termination of the probation period.

After the probation herein was terminated due to the violation, the court did impose a sentence which might have originally been imposed, namely, the *same term of incarceration,* the only difference being that the court made the term one of actual incarceration.

Under the imposition of the requirement of actual incarceration, the convict loses any chance that the trial court might suspend his term of incarceration or

grant him probation or shock probation. See R.C. 2929.01(C). However, these matters are entirely within the discretion of the trial court in any case and thus are matters in which the convict could not have the expectation of finality pointed out by *Draper*.

The convict would also, under an actual incarceration sentence, lose any chance that the Department of Rehabilitation and Correction or the Adult Parole Authority will grant him a furlough for employment or education, a furlough for being a trustworthy prisoner, parole, emergency parole or shock parole. These are also matters left to the discretion of those agencies and in which the prisoner could not have an expectation of finality.

Appellant will only be required to serve the same four-to-ten-year sentence that he originally expected would be final. There is no new or more severe sentence. Thus the imposition of actual incarceration as part of the sentence does not affect the prisoner's expectation of finality and does not violate the constitutional prohibition against multiple punishments as discussed in *Draper*.

The two assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS, J., concurs.

SHAW, P.J., dissents.

SHAW, Presiding Judge, dissenting.

In *State v. Draper* (1991), 60 Ohio St.3d 81, 573 N.E.2d 602, the Supreme Court determined that shock probation granted pursuant to R.C. 2929.51(B) and 2947.061 is qualitatively different from probation granted in lieu of execution of sentence pursuant to R.C. 2929.51(A) and 2951.02. In reaching that determination, the court noted that "one who has been granted [shock] probation pursuant to R.C. 2929.51(B) and 2947.061 not only has an expectation of finality in the original sentence, but has already undertaken to serve it." *Id.* at 83, 573 N.E.2d at 604. The Supreme Court concluded that "[u]nder such circumstances, the imposition of a new and more severe sentence would constitute multiple punishments for the same offense." *Id.* Accordingly, the Supreme Court held that "[w]hile R.C. 2951.09 authorizes a trial court to revoke shock probation granted an offender pursuant to R.C. 2929.51(B) and 2947.061 for violation of the terms thereof, the court may not impose a term of incarceration in excess of the original sentence." *Id.*, paragraph two of the syllabus. As I believe the decision of the majority in the case before us is contrary to the holding of the Supreme Court in *Draper, supra,* I respectfully dissent.

R.C. 2929.01(C), defines "actual incarceration" and provides, in relevant part:

" 'Actual incarceration' means that an offender is required to be imprisoned for the stated period of time to which he is sentenced that is specified as a term of actual incarceration. If a person is sentenced to a term of actual incarceration, the court shall not suspend his term of actual incarceration, and shall not grant him probation or shock probation, pursuant to section 2929.51, 2947.061, 2951.02, or 2951.04 of the Revised Code, and the department of rehabilitation and correction or the adult parole authority shall not, pursuant to Chapter 2967. of the Revised Code or its rules adopted pursuant to Chapter 2967., 5120., 5143., or 5149. of the Revised Code, grant him a furlough for being a trustworthy prisoner other than a furlough pursuant to division (A)(1) or (2) of section 2967.27 of the Revised Code, parole, emergency parole, or shock parole until after the expiration of his term of actual incarceration, diminished as provided in sections 2967.19, 2967.193, 5145.11, and 5145.12 of the Revised Code."

That the imposition of actual incarceration renders a sentence more severe would seem to be self-evident. Reference to actual incarceration in the criminal code is, in every instance, directly associated with a more severe sentence or enhanced penalty. See, for example, R.C. 2925.02, 2925.03, 2929.11, 2929.41, 2929.71, 2929.72, 2941.141, 2941.142 and 2941.144.

Nevertheless, the majority takes the position that because the allowance or withdrawal of the various conditions of incarceration set forth in R.C. 2929.01(C) is discretionary with the court or correctional facility, the defendant is, at best, merely eligible for these circumstances and, accordingly, has no legitimate expectation in the finality of his status with regard to these conditions. Apparently, the majority would thus maintain that because a prisoner has no absolute right to parole, a sentence of life with parole eligibility after thirty years could not be construed as more severe than a sentence of life with parole eligibility after twenty years under R.C. 2929.03(C)(2). However, I suspect it would be difficult to convince anyone involved in the criminal justice system that this is so.

Clearly, the trial court's conclusive removal of the defendant's eligibility for the various considerations of R.C. 2929.01(C) on resentencing constitutes an enhancement of the original sentence, wherein the defendant's eligibility for these considerations would have turned upon his own behavior in conjunction with what we must presume are objective correctional guidelines. The defendant's "legitimate expectation" under the *Draper* decision is simply that his eligibility status was initially considered and determined by the trial court, pursuant to objective sentencing criteria, all of which became constitutionally "finalized" upon the commencement of his original incarceration.

With the trial court having chosen not to impose actual incarceration in the first instance, and the defendant having commenced execution of his original

sentence, the trial court's imposition of actual incarceration upon resentencing is in conflict with the principles and holding of *State v. Draper, supra.*

For the foregoing reasons, I would sustain the assignments of error, reverse the judgment of the trial court and remand the case to the court for resentencing.