DECISION
Defendant-appellant, Christopher J. Davis, was indicted by the Clermont County Grand Jury on August 30, 1995 for one count of corruption of a minor, a felony of the third degree in violation of R.C. 2907.04. On February 29, 1996, appellant entered a plea of guilty and was sentenced on April 4, 1996 to serve a prison term of two years and pay a fine of $5,000. However, the court found appellant was not likely to engage again in offensive conduct and ordered that the period of incarceration and $4,750 of the fine be suspended; appellant was placed on probation for three to five years.
One of the conditions of appellant's probation was that he follow all reasonable instructions given by his probation officer, Julie Frey. On January 13, 1996, appellant submitted to a polygraph examination ordered by Frey. The results of the polygraph indicated that appellant was being deceitful regarding the subject matter of child sex abuse. Appellant indicated to Frey that the subject made him nervous and that was why he failed the test.
Appellant's probation further required that he have no unsupervised contact with minors and that he complete sex offender counseling. On January 17, 1997, five days after the polygraph examination, appellant admitted in a group therapy session and in an individual session with his counselor that he had unsupervised contact with minors and had attempted to entice them into his presence. Because appellant had signed a waiver of the confidentiality of the group and individual therapy sessions, the therapist informed Frey of these admissions. Appellant was retained at the counseling center and was arrested for violating the conditions of his probation.
On February 5, 1997, the trial court found the defendant guilty of violating the terms of his probation, but did not impose the previously suspended sentence at that time. During a hearing on February 26, 1997 (journalized March 4, 1997), appellant was found to be a sexual predator according to R.C.2950.09. On March 6, 1997, the trial court imposed the previously suspended two year sentence. Appellant appeals the finding that he violated his probation and that he is a sexual predator.
Assignment of Error No. 1:
 THE TRIAL COURT LACKED JURISDICTION OVER THE APPELLANT BECAUSE HE IS NOT A MEMBER OF THE CLASS OF OFFENDERS THAT MAY BE ADJUDGED SEXUAL PREDATORS.
Appellant argues that R.C. 2950.09 specifically identifies the classes of offenders over which the court has jurisdiction to classify as sexual predators, and that he does not belong in any of the classes. We agree.
It is undisputed that appellant was sentenced on the charge of corruption of a minor before January 1, 1997, the effective date of R.C. 2950.09. R.C. 2950.09(A) provides for a sexual predator classification if the offense is committed after the effective date of statute and is therefore not applicable to the instant case. R.C. 2950.09(B)(1) provides:
 Regardless of when the sexually oriented offense was committed, if a person is to be sentenced on or after the effective date of this section for a sexually oriented offense * * * the judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator.
Consequently, in order for (B) to apply, the sentencing on the sexually oriented offense must occur after the effective date of the statute.
In Colegrove v. Burns (1964), 175 Ohio St. 437, the Supreme Court held that the "the penalty for a probation violation is not the imposition of a separate sentence, it is a revocation of the probation and the imposition of the sentence on the judgment of conviction. There is no sentence as such for a probation violation." This was affirmed by the Supreme Court in State v. Draper (1991), 60 Ohio St.3d 81. In a footnote, the court quoted with approval its earlier decision in Colegrove that "no separate penalty exists for a probation violation." Id. at 83. The imposition of appellant's previously suspended sentence for the probation violation, which occurred after the effective date of the statute, was therefore an imposition of his original sentence, not a new sentence imposed after the effective date of R.C. 2950.09. Therefore, R.C. 2950.09(B) is not applicable.
R.C. 2950.09(C)(1) provides:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator.
Appellant pled guilty to a sexually oriented offense and was sentenced for that offense before the effective date of the statute. On February 5, 1997, the trial court revoked appellant's probation and sua sponte ordered that a hearing be held on February 26, 1997 to determine whether appellant was a sexual predator. Appellant was not serving a term of imprisonment on the date of the sexual predator hearing. The trial court's entry finding appellant to be a sexual predator was journalized on March 4, 1997. Sentence was not imposed on the probation violation until March 6, 1997.
Based on the foregoing, we agree with appellant that the trial court lacked jurisdiction under R.C. 2950.09(C) to adjudicate him to be a sexual predator because he was not serving a term of imprisonment at the time the trial court determined that he was a sexual predator. Appellant's first assignment of error is welltaken. We reverse the trial court's finding that appellant is a sexual predator pursuant to R.C. 2950.09(C).[1]
Assignment of Error No. 2:
 R.C. CHAPTER 2950, AS APPLIED THROUGH R.C. 2950.09 VIOLATES THE UNITED STATES CONSTITUTION.
Assignment of Error No. 3:
 R.C. 2950, AS APPLIED THROUGH R.C. 2950.09, VIOLATES THE OHIO CONSTITUTION.
Based on our decision in the first assignment of error, appellant's second and third assignments of error are moot and will not be addressed pursuant to App.R. 12(A)(1)(C).
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN IT FOUND A VIOLATION OF THE TERMS OF HIS PROBATION BASED SOLELY ON AN ADMISSION MADE AS A DIRECT CONSEQUENCE OF A COERCED POLYGRAPH EXAMINATION.
Appellant first argues that the probation department was without authority to coerce him to submit to a polygraph examination. The essence of probation is the suspension of a prison sentence on the condition that the probationer abide by certain rules during the probation period. One of the rules imposed on appellant was that he counsel with his probation officer and follow all reasonable instructions given and cooperate at all times.
Appellant argues that unless a polygraph examination is a requirement of probation, that it cannot be compelled. We find no support for this argument. Requesting participation in a polygraph examination is not an unreasonable instruction for a person on probation for a sexual offense.
Appellant further argues that it was error for the trial court to revoke his probation based on the admission made to his counselor following the polygraph examination. Appellant relies on State v. Rooney (Aug. 7, 1985), Summit App. No. 12052, unreported, wherein the state requested that a defendant's probation be revoked because he was found to be deceitful as determined by the results of a polygraph test. The court of appeals held that the defendant's motion to suppress the polygraph examination was properly granted because neither the defendant nor his counsel voluntarily agreed either to the polygraph test or the subsequent admission as evidence against the defendant in a probation hearing.
Rooney is distinguishable from the case at bar. In Rooney, the state relied solely on the results of the polygraph to revoke defendant's probation. In the instant case, appellant's probation was revoked based on the confession made to his counselor, not based upon the results of the polygraph examination. Because appellant waived the counselor-patient privilege of confidentiality as a condition of his sex offender treatment program, when he confessed to his counselor that he had unsupervised contact with minors he violated his probation. Accordingly, this court finds no error in the revocation of appellant's probation. Appellant's fourth assignment of error is overruled.
Judgment affirmed in part and reversed in part.
YOUNG, P.J., KOEHLER and POWELL, JJ., concur.
[1] This court finds no statutory provision which would prohibit the Department of Rehabilitation and Correction from recommending that a sexual predator hearing be held now that the trial court has re-imposed appellant's original sentence of two years in a state correctional institution.