[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar appeal. Appellant, Bryan D. Peters, appeals the judgment of the Girard Municipal Court revoking appellant's probation and sentencing him to serve ninety days in the Trumbull County Jail. Appellee, the state of Ohio, has failed to file an answer brief. For the following reasons, we reverse the portion of the judgment of the trial court that sentenced appellant to a jail term in excess of sixty days and remand the matter with instructions to the court to vacate the same.
On January 25, 1996, appellant entered pleas of no contest to charges of failure to control a motor vehicle in violation of R.C.4511.202 and unauthorized use of a vehicle in violation of R.C.2913.03. The trial court accepted the pleas, found appellant guilty on both charges, and sentenced appellant to $525 in fines, with $250 suspended; thirty days in jail, with twenty-five days suspended; and a term of probation until February 1, 1997 with certain enumerated conditions. This case was numbered 95 TRC 7230. We will refer to it as "the first case."
However, the trial court ultimately suspended the five-day jail term imposed in the first case, noting that appellant had attempted to serve the five-day jail sentence on seven occasions, but was turned away due to overcrowding at the jail.
Then, in a subsequent case, appellant entered pleas of no contest on April 8, 1996 to charges of driving while under an administrative license suspension and/or with an expired operator's license in violation of R.C. 4507.02; and failure to wear a seat belt in violation of R.C. 4513.263. The trial court accepted the pleas, found appellant guilty on both charges, and sentenced appellant to $225 in fines, with $100 suspended; thirty days in jail, with twenty-seven days suspended; and a term of probation until April 1, 1997 with certain enumerated conditions. This case was numbered 96 TRD 0932. We will refer to this as "the second case."
Thereafter, the Girard Probation Department filed a notice that appellant had violated the terms of his probation in both cases. A preliminary hearing was set for November 18, 1996. When appellant failed to appear, a bench warrant was issued for his arrest.
Appellant was not actually arrested, however, until late September 1997, some ten months later when, according to appellant, he went to Girard City Hall to pay the fines imposed in both cases. He was released shortly after his arrest, and a new preliminary violation of probation ("VOP") hearing was scheduled for October 2, 1997.
At this hearing, the trial court found probable cause to believe that a violation of probation had occurred. The final VOP hearing was held on October 23, 1997. Appellant was unrepresented by counsel at this hearing. He was thereafter sentenced to a ninety-day jail term in a judgment entry filed on October 23, 1997. The judgment entry contained the case numbers in both the first and the second cases.
Appellant apparently retained new counsel and moved the court to reconsider or reduce the sentence, or, in the alternative, to suspend the execution of the sentence. The trial court denied the motions on November 17, 1997. Appellant thereafter filed a motion for delayed appeal which we granted.[1] Appellant also filed a motion to stay the execution of sentence with this court which we granted on December 23, 1997. Appellant was subsequently released on bond after having served sixty-three days of the ninety-day term.
Appellant initially asserted the following three assignments of error for our consideration:
 "[1.] The trial court erred to the prejudice of defendant-appellant by denying a continuance requested by his retained legal counsel, who was unable [to] be present at the final probation revocation hearing.
 "[2.] The trial court erred to the prejudice of defendant-appellant by conducting the final probation revocation hearing when the defendant-appellant was not represented by retained counsel, and did not waive his right to counsel.
 "[3.] The trial court erred to the prejudice of appellant by sentencing him to ninety days confinement when the appellant did not knowingly, intelligently, and voluntarily waive his right to counsel."
This court subsequently noted that the record before us revealed an error of law in relation to appellant's sentence which not raised in the proceedings below or on appeal but which appeared to be dispositive of the instant appeal. As such, we notified the parties of our intention to consider the matter in the interests of justice, and offered the parties an opportunity to submit briefs on the issue.
Although appellee did not respond, appellant responded on November 17, 1998 by assigning the following additional assignment of error:
 "[4.] The trial court erred to the prejudice of the appellant by sentencing him to a jail term in excess of the combined jail terms imposed in both trial court case numbers 95 TRC 7230 and 96 TRD 0932."
We will begin by addressing appellant's fourth assignment of error as we believe it is dispositive of the instant appeal. Specifically, we have come to the conclusion that the portion of the complained of sentencing entry which sentenced appellant to a jail term in excess of the original jail terms imposed in the first and second cases is void. In Colegrove v. Burns (1964),175 Ohio St. 437, the Supreme Court of Ohio indicated that: "The penalty for a probation violation is not the imposition of a separate sentence, it is a revocation of the probation and the imposition of the sentence on the judgment of conviction. There is no sentence, as such, for probation violation." Id. at 438. Any sentence imposed differently from that provided for by statute or one which is greater than or lesser than that provided for by law is void. Id.
The Supreme Court has since cited its holding in Colegrove with approval. State v. Draper (1991), 60 Ohio St.3d 81, 83, n. 1. This court has also followed the holding in Colegrove in State v.Freshwater (June 26, 1998), Lake App. No. 97-L-218, unreported, at 3-4, 1998 Ohio App. LEXIS 2919. In Freshwater, we vacated a portion of a municipal court's judgment entry sentencing the defendant to serve ten days in jail for a probation violation because the defendant in that case had already served the entire thirty-day sentence originally imposed upon him.
Here, the total jail time originally imposed upon appellant in both cases was sixty days, or thirty per case. The sentence imposed for the probation violation was ninety days in jail. Pursuant to Colegrove and Freshwater, the trial court was only authorized to impose a sixty-day sentence upon appellant as a result of the probation violation.[2] Thus, the portion of the judgment entry sentencing him to serve thirty days in excess of the original sentence is void and must be vacated. Appellant's fourth assignment of error is well-taken.
Finally, since appellant has already served the entire sixty-day sentence imposed upon him for the probation violation, his remaining assignments of error are moot.
In light of the foregoing analysis, we reverse the portion of the judgment of the trial court that sentenced appellant to a jail term in excess of sixty days and remand the matter with instructions to the court to vacate the same. ____________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J.,
O'NEILL, J., concur.
[1] Appellant has taken an appeal in the second case of the same judgment appealed herein on very similar grounds. Again, the subject judgment entry contained both the first and second case numbers. We subsequently ordered the two appeals to proceed separately.
[2] From the record before this court, it is unclear whether appellant served any of the original sixty-day jail term or was eligible for credit for time served while awaiting the probation violation hearing. However, it is not necessary for the purposes of our analysis to delve into the same. Suffice it to say that if appellant had served any of the original sixty-day sentence, we would, of course, count that time served as we did inFreshwater.