DECISION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Lucas County Court of Common Pleas. The facts giving rise to this appeal are as follows.
On April 10, 1997, appellant, Andre Harper was sentenced to a one and one-half year prison term for the offense of aggravated assault. He also was sentenced to a one and one-half year prison term for the offense of aggravated riot. The court ordered both sentences served concurrently.
On August 22, 1997, the trial court granted appellant's motion for judicial release. The court imposed three years of community control to be monitored by the Lucas County Adult Probation Department.
On February 4, 1998, appellant was indicted for possession of crack cocaine, a violation of R.C. 2925.11 (A) and (C)(4)(b). On April 20, 1998, appellant entered a no contest plea to one count of attempted possession of cocaine. He was found guilty and sentenced to one year in prison.
As a result of the above conviction, appellant was found to be in violation of probation. The court ordered his previous sentences for aggravated assault and aggravated riot reinstated. Appellant was ordered to serve all three sentences consecutively. Appellant now appeals setting forth the following assignment of error:[1]
 "I. THE TRIAL COURT'S MAY 7, 1998, ORDER VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO BE PROTECTED FROM MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE."
Appellant contends the court erred in imposing consecutive sentences for aggravated assault and aggravated riot following the revocation of his probation. Specifically, appellant contends the sentence violated his double jeopardy rights. We agree.
In State v. McMullen (1983), 6 Ohio St.3d 244, the Supreme Court of Ohio held that a court is not in violation of the double jeopardy clause when imposing a greater sentence after revoking probation given in lieu of sentence. The greater sentence, of course, must be one allowed by law. The court inMcMullen, however, took note of the difference between a probation violator placed on probation in lieu of sentence and a probation violator who had already served a portion of his original sentence before being granted "shock probation."
 "By placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law." Id. at 246.
Citing the above paragraph from McMullen, the Supreme Court inState v. Draper (1991), 60 Ohio St.3d 81, 83, further added:
 "In contrast, one who has been granted probation pursuant to R.C. 2929.51 (B) and 2947.061 not only has an expectation of finality in the original sentence, but has already undertaken to serve it. Under such circumstances, the imposition of a new and more severe sentence would constitute multiple punishments for the same offense."
In the present case, appellant was sentenced to two concurrent one and one-half year sentences. Approximately four months after he had begun serving his sentences, he was granted probation pursuant to R.C. 2947.061. Once he was found to be in violation of probation, his sentences were increased when he was ordered to serve the remaining time consecutively. Based on the foregoing, we conclude that appellant's double jeopardy rights were violated and his sole assignment of error is found well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Common Pleas Court is reversed. This case is remanded to said court for resentencing. Costs assessed to appellee.
JUDGMENT REVERSED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.
[1] Appellant first filed a notice of appeal with this court on June 8, 1998. Appellant's appointed counsel then filed a motion to withdraw and an Anders brief in support. Finding that an arguable issue concerning sentencing existed, this court granted appointed counsel's motion to withdraw and appointed Samuel Z. Kaplan to represent appellant on this appeal.