DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Matthew Hollingsworth, appeals the decision of the Wayne County Court of Common Pleas to increase his sentence after he violated the terms of his judicial release. We affirm.
On March 5, 1999, the Wayne County Grand Jury indicted Mr. Hollingsworth on three counts of breaking and entering, in violation of R.C. 2911.13, one count of misdemeanor theft and one count of felony theft, in violation of R.C. 2913.02, and two counts of safecracking, in violation of R.C. 2911.31. Mr. Hollingsworth pleaded guilty to the charges in the indictment and was sentenced by the court to a definite term of six months in prison on each count. These prison terms were to be served concurrently.
On December 29, 1999, after a hearing, the trial court granted Mr. Hollingsworth's motion for judicial release and placed him on community control for three years. His release was conditioned, in part, on him obeying all local, state, and federal laws and undergoing periodic, random drug testing. On January 19, 2000, a probation violation complaint was filed against Mr. Hollingsworth. At the hearing, Mr. Hollingsworth admitted to having used marijuana, in violation of his terms of probation. Subsequently, the trial court found that Mr. Hollingsworth had violated the terms of his probation and sentenced him to a definite term of six months in prison on each count, except the misdemeanor theft count, which sentences were to be served consecutively. The court also sentenced him to a definite term of six months in three other cases, but ordered that these sentences be served concurrently with the other sentences. Thus, Mr. Hollingsworth's total new sentence was thirty-six months. This appeal followed.
Mr. Hollingsworth asserts a single assignment of error:
 THE TRIAL COURT ERRED WHEN IT IMPOSED A GREATER SENTENCE UPON A VIOLATION OF APPELLANT'S JUDICIAL RELEASE.
 Mr. Hollingsworth asserts that the trial court erred when it imposed a greater sentence upon him after he violated the terms of his judicial release. We disagree.
R.C. 2929.20 governs judicial release. R.C. 2929.20(I) provides in relevant part:
 [i]f the court grants a motion for judicial release under this section, the court shall * * * reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction. If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation.
(Emphasis added.) Mr. Hollingsworth argues that the emphasized portion should be interpreted to mean that the trial court may not impose a sentence greater than its original sentence if an offender has violated the terms of his judicial release.[1] We find that the trial court is not so limited and that the aforementioned language means that the trial court may reimpose a prison sentence, which was originally available to the court in the first instance.
Here, the trial court exercised certain leniency in releasing Mr. Hollingsworth prior to the expiration of his sentence. One of the foremost purposes of R.C. 2929.20 is to ease a convicted offender's reintegration into society through intensive supervision, drug and alcohol counseling, and performance of community service or continuing education, for example. His failure to conform to the requirements of his early release may require the trial court to deal more strictly with Mr. Hollingsworth, as the trial court has done in this case. Judicial discretion in these matters is intended to advance community safety and encourage offenders to comply with the terms of their judicial release. The proper use of that discretion is crucial in meaningful rehabilitation of convicted offenders, which underlies the entire philosophy of Senate Bill 2. We further note that it ill behooves an individual, who has already been adjudicated a criminal offender, to later claim that he has been disadvantaged when the court has simply sentenced him entirely upon his continued malefactions. Consequently, we conclude that R.C. 2929.20(I) permits a trial court to impose a greater sentence upon an offender, who has violated the terms of his judicial release, so long as the sentence imposed falls within the constraints set forth in R.C. Chapter 2929. Mr. Hollingsworth's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J. CONCURS
[1] Mr. Hollingsworth relies on State v. Draper (1991), 60 Ohio St.3d 81, to support his position. In Draper, 60 Ohio St.3d at paragraph two of the syllabus, the Supreme Court held that "[w]hile R.C. 2951.09 authorizes a trial court to revoke shock probation granted an offender pursuant to R.C. 2929.51(B) and 2947.061 for violation of the terms thereof, the court may not impose a term of incarceration in excess of the original sentence." In reaching its holding, the Supreme Court distinguished between probation imposed in lieu of execution of sentence and probation granted after a term of incarceration had been served. Id. at 83. With the former, the court found that it would be permissible for a court to impose a greater sentence on a probation offender, as the offender has no expectation of finality; conversely, when the offender has already served a term of incarceration, the court found that imposing a greater sentence would be a violation of double jeopardy principles. Id. Draper, however, was decided before the enactment of R.C. 2929.20 and Senate Bill 2, which had an effective date of July 1, 1996, and therefore, the holding inDraper is not controlling in the present case.