I disagree with the majority's disposition of the above assignment of error, and therefore, respectfully dissent. The express language of R.C.2929.20(I) is clear that the trial court may reimpose the sentence that it reduced pursuant to judicial release, if an offender violates the conditions of his release. R.C. 2929.20(I), however, does not give the trial court authority to impose any sentence originally available to it during the initial sentencing.
In State v. Draper (1991), 60 Ohio St.3d 81, the Ohio Supreme Court held in paragraph two of the syllabus that:
 [w]hile R.C. 2951.09 authorizes a trial court to revoke shock probation granted an offender pursuant to R.C. 2929.51(B) and 2947.061 for violation of the terms thereof, the court may not impose a term of incarceration in excess of the original sentence.
In reaching this holding, the court recognized a distinction between probation in lieu of execution of a sentence and probation granted after a term of incarceration had been served. Id. at 83. The court reasoned that in the situation where probation has been granted after a term of incarceration has been served, an offender "not only has an expectation of finality in the original sentence, but has already undertaken to serve it. Under such circumstances, the imposition of a new and more severe sentence would constitute multiple punishments for the same offense."Id.
Although the holding in Draper was set forth in terms of pre-Senate Bill 2 law (Am.Sub.S.B. No. 2), I believe that the rationale espoused by the Ohio Supreme Court is applicable to judicial release granted pursuant to R.C. 2929.20. Furthermore, other appellate courts in Ohio have applied the rationale of Draper to post-Senate Bill 2 cases and held that imposing a greater sentence on an offender who has violated the terms of his probation constitutes a double jeopardy violation. See, e.g., Statev. Harper (Dec. 3, 1999), Lucas App. Nos. L-98-1194, L-98-1195, and L-98-1196, unreported; Parma v. Melinis (June 25, 1998), Cuyahoga App. No. 73483, unreported.
In the present case, Mr. Hollingsworth served a substantial portion of his original sentence before being placed on judicial release. Once he was found to have violated the terms of his judicial release, the trial court ordered him to serve the sentences on certain counts consecutively, thereby increasing his sentence. Based on the foregoing, I conclude that trial court impermissibly increased Mr. Hollingsworth's sentence, and I would sustain Mr. Hollingsworth's assignment of error. Accordingly, I would reverse.