This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Michael Conley, appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division. We affirm.
 I.
On May 30, 2000, a complaint was filed against Mr. Conley, born September 1, 1984, alleging that he was a delinquent child. In a pretrial hearing on June 5, 2000, Mr. Conley admitted to two counts of burglary, felonies of the fourth degree, and one count of receiving stolen property, a misdemeanor of the first degree. On June 20, 2000, the trial court held a disposition hearing, and, in a journal entry dated June 22, 2000, the court placed Mr. Conley on probation for six months and ordered him on house arrest until he could begin the Phoenix Youth Challenge. In the disposition hearing, the trial court informed Mr. Conley that, if there was a probation violation, he could be placed in the Department of Youth Services ("DYS") for a period ranging from six months to his twenty-first birthday.
On September 1, 2000, Mr. Conley was charged with a probation violation. When faced with the violation, Mr. Conley admitted that he did not attend the Phoenix Youth Challenge. He also admitted that he was guilty of attempted burglary, a felony of the fifth degree. In the September 27, 2000 journal entry, the court placed Mr. Conley on probation for six months, gave him a suspended commitment to DYS, and ordered him to complete the Oriana House program.
On December 5, 2000, Mr. Conley was charged with a second probation violation for his termination from the Oriana House program. Mr. Conley admitted to the charge. On December 12, 2000, the trial court terminated Mr. Conley's probation and ordered him to the legal custody of DYS. This appeal followed.
 II.
Mr. Conley asserts two assignments of error. We will address each in turn.
 A. First Assignment of Error THE SUMMIT COUNTY JUVENILE COURT VIOLATED THE DOUBLE JEOPARDY CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BY CHANGING MICHAEL'S SENTENCE AFTER HE HAD ALREADY UNDERTAKEN TO SERVE IT.
In the first assignment of error, Mr. Conley asserts that the trial court violated the Double Jeopardy Clause when, at the second probation violation hearing, it imposed a commitment to DYS, despite the fact that, at the original disposition hearing, the court did not commit or order a suspended commitment to DYS. Additionally, Mr. Conley asserts that it was error to increase his sentence in this manner when he had already begun to serve his original sentence. We disagree.
The application of the Double Jeopardy Clause to a change in sentencing is dependent upon the legitimate expectation of finality in the original sentence. In re Kelly (Nov. 7, 1995), Franklin App. No. 95APF05-613, unreported, 1995 Ohio App. LEXIS 4961, at *5, citing to State v.McColloch (1991), 78 Ohio App.3d 42, 45-46. In State v. McMullen
(1983), 6 Ohio St.3d 244, 246, the Ohio Supreme Court noted that:
 [b]y placing a defendant on probation, the judge has afforded the benefit of a reduced sentence conditioned upon the defendant's efforts to reform. A defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation. In the event of a violation of probation, the original sentence does not become final but is subject to modification within the standards of state law.
The Ohio Supreme Court later distinguished between probation imposed in lieu of execution of sentence and probation granted after a term of incarceration, holding that, when probation is given after a term of incarceration has been served, the imposition of a new and more severe sentence would constitute multiple punishments for the same offense.State v. Draper (1991), 60 Ohio St.3d 81, 83.
Suspended sentences, as applied to juvenile cases, raise public policy concerns:
 A suspended sentence of incarceration, prior to the imposition of probation, would increase the likelihood that juveniles would be committed to DYS at an earlier time rather than at a later time. The trial court may well feel compelled to enforce the terms that it had initially promised, i.e., impose the sentence of incarceration rather than consider other dispositional options.
In re Kelly, supra, at *10. In addressing the authority of a court to commit a juvenile to DYS for a probation violation, this court has held that a court may properly commit a delinquent minor to DYS for a probation violation, even though the minor was originally given only probation and a suspended commitment was not imposed at the time of the initial disposition. In re Herring (July 10, 1996), Summit App. No. 17553, unreported, at 4-5. Further, committing a juvenile to a detention center after a probation violation does not punish that juvenile twice for the same offense. In re Kelly, supra, at *11-12. Resentencing does not violate the Double Jeopardy Clause because the probation violation is an act which is separate and distinct and for which punishment does not constitute multiple punishments for the same offense. Id.
In the present case, Mr. Conley asserts that the trial court violated his right against double jeopardy by imposing a commitment to DYS when the court did not commit or order a suspended commitment to DYS at the original disposition hearing. Citing to Draper, Mr. Conley argues that it was additional error for the trial court to increase his sentence when he had already served a portion of the original sentence. However, as we stated supra, a court has the authority to commit a delinquent minor to DYS for a probation violation despite the fact that a suspended commitment was not imposed at the time of the initial disposition. See Inre Herring, supra, at 5. This commitment to DYS does not constitute a violation of the Double Jeopardy Clause because the probation violation is a separate and distinct act for which punishment can be imposed. SeeIn re Kelly, supra, at *11-12. Furthermore, Mr. Conley's reliance onDraper is misplaced as his probation was not given following a term of incarceration. Consequently, Mr. Conley's first assignment of error is overruled.
 B. Second Assignment of Error THE TRIAL COURT VIOLATED MICHAEL CONLEY'S RIGHT TO DUE PROCESS AND NOTICE AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN IT IMPOSED A DYS COMMITMENT FOR A COURT ORDER VIOLATION, BUT HAD NOT PREVIOUSLY IMPOSED UPON HIM A SENTENCE OF INCARCERATION AND WHEN HE DID NOT PREVIOUSLY KNOW THAT INCARCERATION WAS A POSSIBILITY.
In the second assignment of error, Mr. Conley asserts that the trial court violated his right to due process and notice when it imposed a commitment to DYS despite the fact that he was never given notice that he could be committed to DYS. We disagree.
Mr. Conley avers that he was not put on notice of a potential commitment to DYS when, at the original disposition hearing, the court did not impose a suspended or stayed commitment to DYS. Consequently, he asserts that he did not know that incarceration was a possibility. However, upon reviewing the record, it is apparent that, in the June 20, 2000 disposition hearing, the trial court informed Mr. Conley that a probation violation could result in resentencing to DYS. Furthermore, as stated above, a court can commit a delinquent minor to DYS for a probation violation even though a suspended commitment was not imposed at the time of the initial disposition. See In re Herring, supra, at 5. Consequently, Mr. Conley's second assignment of error is without merit.
 III.
Mr. Conley's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., BAIRD, J. CONCUR.