OPINION
Appellant Jacque C. Fagan appeals the decision of the Ashland County Court of Common Pleas that imposed a four-year term of incarceration for violation of his post-release control. The following facts give rise to this appeal.
On November 29, 1999, the trial court sentenced appellant following his plea of guilty to one count of criminal child enticement and a finding of guilty, following a jury trial, for three counts of illegal use of a minor in nudity-oriented material. The trial court sentenced appellant to a period of incarceration of nine months for each of the four counts and ordered the sentences for counts one and two be served consecutive to each other and the sentences for counts three and four be served concurrent to the sentences imposed for counts one and two.
Following the completion of his eighteen-month prison term, appellant was released on a five-year period of post-release control. After serving six months of his five-year period of post-release control, appellant committed a new offense, unlawful sexual conduct with a minor. Appellant entered a plea of guilty to this new offense and on November 19, 2001, the trial court sentenced appellant to a four-year period of incarceration.
In addition to the sentence for the new felony, the trial court also sentenced appellant to a four-year period of incarceration for violation of his post-release control by virtue of commission of the new felony. The trial court ordered this sentence to be served consecutively to the prison term imposed for the new felony.
Appellant appeals the trial court's sentence as it pertains to the violation of his post-release control and raises the following assignment of error for our consideration.
"I. THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM UPON THE DEFENDANT IN THE INSTANT CASE PURSUANT TO 2967.28(F)(4), WHERE THE DEFENDANT COMMITTED A NEW FELONY WHILE UNDER POST-RELEASE CONTROL, WHICH TERM EXCEEDED THE ORIGINAL PRISON TERM FOR WHICH THE DEFENDANT WOULD HAVE BEEN ELIGIBLE FOR THE EARLIER FELONIES, AND WHERE THE DEFENDANT HAD ALREADY SERVED THE PRIOR PRISON TERMS IMPOSED FOR THE EARLIER FELONIES."
 I
In his sole assignment of error, appellant maintains the trial court erred when it imposed a prison term, pursuant to R.C. 2967.28(F)(4), because the prison term imposed, for violation of post-release control, exceeds the original prison term imposed for the four felony counts. Appellant also contends that since he has completed his eighteen-month sentence for the four felony counts, the four-year sentence for violation of post-release control constitutes multiple punishment for the same offense and therefore, the sentence is unconstitutional. We disagree with both arguments.
In support of this assignment of error, appellant cites the case ofState v. Draper (1991), 60 Ohio St.3d 81, which held that:
 "While R.C. 2951.09 authorizes a trial court to revoke shock probation granted an offender pursuant to R.C. 2929.51(B) and 2947.061 for violation of the terms thereof, the court may not impose a term of incarceration in excess of the original sentence." Id. at paragraph two of the syllabus.
The Court concluded that a defendant who has been granted probation not only has an expectation of finality in the original sentence, but has already undertaken to serve it. Id. at 83. Thus, under such circumstances, the imposition of a new and more severe punishment would constitute multiple punishments for the same offense. Id.
Appellant contends that although Draper interprets pre-S.B. 2 statutes, no distinction should be made between shock probation and post-release control. Under the facts of this case, appellant maintains the sentence imposed by the trial court exceeds the maximum he could have received. In reaching this conclusion, appellant makes the following calculation: two years imprisonment for the four prior felony offenses; five years for the new felony offense; and nine months on the post-release control violation, if calculated pursuant to R.C.2967.28(F)(3). This results in a total maximum aggregate term of seven years and nine months.
However, under his new sentence, appellant will serve a total of nine years and six months, which is a combination of the eighteen months he has already served and the additional eight years he will serve under the most recent sentence. Thus, appellant concludes his new sentence will exceed the maximum possible sentence by one year and nine months.
In addressing appellant's arguments, we begin by noting that this court has previously determined in State v. Owens (Mar. 15, 2002), Richland App. No. 00CA79; State v. Reaves (Dec. 15, 2000), Richland App. No. 00CA42; and State v. Hopkins (Nov. 27, 2000), Stark App. Nos. 2000CA00053, 2000CA00054, that post-release control sanctions are part of the offender's original sentence and not an additional or separate punishment from the underlying offense. Thus, post-release control sanctions do not result in multiple punishment for the same offense.
Appellant maintains the post-release control sanctions, in the case sub judice, should not be considered part of the original sentence because the trial court did not clearly define this provision in the sentencing judgment entry or at the sentencing hearing. The following language is contained in the November 29, 1999 sentencing judgment entry:
 "The Court further notified the Defendant that a period of post-release control may be imposed following his release from prison. If the Defendant violates a post-release control sanction imposed as a component of the post-release control including the mandatory condition described in division (A) of Section 2967.121 * * * of the Revised Code, all of the following apply:
 "(i) The adult parole authority of the parole board may impose a more restrictive post-release control sanction.
 "(ii) The parole board may increase the duration of the post-release control subject to a specified maximum.
 "(iii) The more restrictive sanction that the parole board may impose may consist of a prison term, provided that the prison term cannot exceed nine months and the maximum cumulative prison term so imposed for all violations during the period of post-release control cannot exceed one-half of the stated prison term originally imposed upon the offender."
 "(iv) If the violation of the sanction is a felony, the Defendant may be prosecuted for the felony and, in addition to any sentence it imposes on the Defendant for the new felony, the Court may impose a prison term, subject to a specified maximum, for the violation." Sentencing Judgment Entry, Dec. 6, 1999, at 5.
We find the above language is not ambiguous and clearly placed appellant on notice that if he committed a felony while on post-release control, he may be subject to more prison time for violation of his post-release control, in addition to any sentence imposed for the commission of the new felony. We also conclude that even though the sentencing judgment entry does not specifically state the term of post-release control, which was five years, the lack of this term does not create an ambiguity since the entry placed appellant on notice that a violation of post-release control may result in more prison time. Thus, the post-release control sanction was part of appellant's original sentence for the four felonies and imposition of the post-release control sanction does not result in multiple punishment for the same offense.
Appellant next argues that even if we conclude the post-release control sanction does not result in multiple punishment, for the same offense, according to R.C. 2967.28(F)(3), the maximum prison term he could receive for the post-release control violation is nine months. Section (F)(3) of the statute provides, in pertinent part:
 "(3) The parole board may hold a hearing on any alleged violation by a releasee of a post-release control sanction or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the releasee. If after the hearing the board finds that the releasee violated the sanction or condition, the board may increase the duration of the releasee's post-release control up to the maximum duration authorized by division (B) or (C) of this section or impose a more restrictive post-release control sanction. When appropriate, the board may impose as a post-release control sanction a residential sanction that includes a prison term. The board shall consider a prison term as a post-release control sanction imposed for a violation of post-release control when the violation involves a deadly weapon or dangerous ordnance, physical harm or attempted serious physical harm to a person, or sexual misconduct, or when the releasee committed repeated violations of post-release control sanctions. The period of a prison term that is imposed as a post-release control sanction under this division shall not exceed nine months, and the maximum cumulative prison term for all violations under this division shall not exceed one-half of the stated prison term originally imposed upon the offender as part of this sentence." (Emphasis added.)
We would agree with appellant's argument had his post-release control sanction been imposed according to R.C. 2967.28(F)(3). However, appellant's post-release control sanction was imposed according to R.C.2967.28(F)(4), which addresses the imposition of a post-release control sanction when a new felony is committed. Section (F)(4) of the statute provides:
 "(4) A parolee or releasee who has violated any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the releasee by committing a felony may be prosecuted for the new felony, and upon conviction, the court shall impose sentence for the new felony. In addition to the sentence imposed for the new felony, the court may impose a prison term for the violation, and the term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. If the person is a releasee, the maximum prison term for the violation shall be either the maximum period of post-release control for the earlier felony under division (B) or (C) of this section minus any time the releasee has spent under post-release control for the earlier felony or twelve months, whichever is greater. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. If the person is a releasee, a prison term imposed for the violation, and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony." (Emphasis added.)
We find the trial court properly imposed a prison term for appellant's violation of his post-release control, under Section (F)(4), as opposed to Section (F)(3), since appellant committed a new felony. Section (F)(3) does not address the imposition of a prison term following the sentencing for a new felony. It only addresses the parole board's authority to impose a prison term for the violation of a sanction or condition of post-release control.Thus, under Section (F)(4), the maximum prison term for the violation is the maximum period of post-release control for the earlier felony, less any time already spent on post-release control, or twelve months, whichever is greater. Since appellant only spent six months on post-release control, the trial court subtracted twelve months from five years, which is the maximum period of post-release control, and imposed a prison term of four years for the post-release control violation.
Section (F)(4) also requires that any prison term imposed for a post-release control violation be served consecutively to any prison term imposed for the new felony. The trial court sentenced appellant to a four-year prison term for the new felony and added this term to the four-year term for the post-release control violation, resulting in an aggregate term of eight years. The trial court correctly imposed the eight-year prison term in accord with the statutory requirements of Section (F)(4).
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: WISE, J. FARMER, P.J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Costs assessed to appellant.