DECISION.
{¶ 1} Defendant-appellant Ricky Williams appeals from the judgment of the trial court that imposed a term of confinement and an additional six-month license suspension after he had violated probation. We sustain his assignment of error and reverse the judgment of the trial court in part.
 {¶ 2} On September 8, 2003, Williams pleaded guilty to attempted possession of cocaine. The trial court sentenced him to 180 days' confinement, credited him for 77 days that he had already served, and suspended the remaining 103 days.[1] The court ordered that Williams be placed on probation for one year and that his license be suspended for six months. The trial court informed Williams that if he violated the terms of his probation, the court would impose the suspended days.
 {¶ 3} On July 19, 2004, Williams pleaded no contest to a probation violation. After a finding of guilty, the trial court sentenced Williams to the remaining days and imposed an additional six-month driving suspension.
 {¶ 4} In his sole assignment of error, Williams now asserts that the trial court erred in imposing a new license suspension at his probation-violation hearing. We agree.
 {¶ 5} Williams argues that the additional license suspension improperly increased his sentence, citing the Eighth Appellate District's decision in State v. Pfendler[2] for the proposition that the trial court lacked authority to increase the sentence once he had begun to serve it. But Pfendler is inapposite to this case. There, the Eight Appellate District concluded that the trial court had erred in enlarging the defendant's probation period where no probation violation had been found.[3] In contrast, Williams was found guilty of a probation violation in this case prior to the trial court's imposition of the additional license suspension.
 {¶ 6} The state contends that, under R.C. 2951.09, once Williams violated his probation, the trial court could "terminate the probation and impose any sentence that originally could have been imposed * * *." Because R.C. 4507.16 provides that, for a violation of R.C. 2925.11, the trial court must impose a license suspension in the range of six months to five years, the state argues that the trial court properly imposed an additional suspension that was in the original potential range of suspension.
 {¶ 7} In State v. McMullen, the Ohio Supreme Court held that "[a] judge may, pursuant to R.C. 2951.09, impose a longer sentence after revocation of a defendant's probation without violating the defendant's constitutional right against double jeopardy."[4] According to the court, "[a] defendant has no expectation of finality in the original sentence when it is subject to his compliance with the terms of his probation."[5]
 {¶ 8} In State v. Draper, the supreme court considered the trial court's authority to revoke probation and increase the sentence of an offender who had been granted shock probation.[6] In shock probation, under R.C. 2929.51(B) and 2947.061, the offender is granted probation after having served only a portion of his sentence. That the offender inDraper had served a portion of his sentence distinguished the case fromMcMullen. "[O]ne who has been granted [shock probation] not only has an expectation of finality in the original sentence, but has already undertaken to serve it. Under such circumstances, the imposition of a new and more severe sentence would constitute multiple punishments for the same offense."[7]
 {¶ 9} The Eighth Appellate District has extended the reasoning ofDraper to the situation where an offender has served the unsuspended portion of his sentence. In Parma v. Melinis, the court concluded that the defendant in that situation had an expectation of finality in his sentence, and that the trial court had erred in increasing the sentence for a probation violation.[8]
 {¶ 10} Here, Williams's sentence is analogous to that of the defendant in Melinis. He was given a suspended sentence and a license suspension. While the suspension of his sentence was conditioned upon his successful completion of probation, there was no indication given by the trial court that his license suspension was similarly conditioned. Williams completed the term of his license suspension and had an expectation of finality regarding that aspect of his sentence. Under the reasoning of Draper andMelinis, we conclude that the trial court erred in imposing an additional license suspension. The sole assignment of error is sustained.
 {¶ 11} We therefore reverse the trial court's judgment in part and vacate the additional license suspension.
Judgment reversed in part.
Gorman, P.J., and Painter, J., concur.
[1] Williams was sentenced before the effective date of R.C. 2929.25(A), which provides for communitycontrol sanctions for misdemeanors.
[2] (Apr. 16, 1992), 8th Dist. No. 62617.
[3] Id.
[4] (1983), 6 Ohio St.3d 244, 452 N.E.2d 1292, syllabus.
[5] Id. at 246.
[6] (1991), 60 Ohio St.3d 81, 573 N.E.2d 602.
[7] Id. at 83.
[8] (June 25, 1998), 8th Dist. No. 73483.